UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
TEWKSBURY LIVING GROUP, LLC, EC )
TEWKSBURY, LLC, and MH TEWKSBURY)
OPERATING, LLC,                )
                               )
          Plaintiffs,          )
                               )    Civil Action
v.                             )    No. 25-cv-10130-PBS
                               )
KCP ADVISORY GROUP, LLC and EF )
SENIOR LIVING MANAGEMENT, LLC, )
                               )
          Defendants.          )
_____)
```

**ORDER**

February 26, 2026

Saris, J.

This civil action is the latest in a series of lawsuits arising from the receivership and closure of Wood Haven Senior Living ("Wood Haven"), a memory care assisted living facility in Tewksbury, Massachusetts. See, e.g., BI 40 LLC v. Tewksbury Living Grp., LLC, et al., No. 21-cv-11904 (D. Mass. Nov. 24, 2021); Suny v. BI 40 LLC, et al., No. 22-cv-11005 (D. Mass. June 26, 2022); BI 40 LLC v. Ironshore Specialty Ins. Co., No. 23-cv-10480 (D. Mass. Mar. 2, 2023); MacAulay v. BI 40 LLC, et al., No. 23-cv-11966 (D. Mass. Aug. 25, 2023). Plaintiffs are the owners and operators of Wood Haven that this Court put into receivership in December 2021. Defendants KCP Advisory Group, LLC ("KCP") and EF Senior Living Management, LLC ("EF") are, respectively, the court-appointed

1

receiver that took control of Plaintiffs' operations and assets and a company that managed day-to-day operations at Wood Haven under KCP's direction.

Plaintiffs allege in this lawsuit that KCP and EF engaged in willful misconduct during the course of the receivership that led to Wood Haven's closure and a fire sale of its assets. Specifically, Plaintiffs allege that KCP and EF fabricated a pretext to evacuate Wood Haven, failed to procure tail insurance coverage, unnecessarily relinquished Wood Haven's operating license, and sold Wood Haven's assets at a price below fair market value. Based on these events, Plaintiffs claim that KCP breached its fiduciary duty, that EF aided and abetted that breach of fiduciary duty, that KCP and EF engaged in willful misconduct, and that KCP and EF violated Massachusetts General Laws Chapter 93A. KCP and EF now move to dismiss Plaintiffs' amended complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the claims against them are barred by quasi-judicial immunity and that Plaintiffs have failed to state a plausible claim for relief. See Doe v. City of Boston, 145 F.4th 142, 149 (1st Cir. 2025) (describing standard for motion to dismiss under Rule 12(b)(6)).

The First Circuit recently addressed KCP's entitlement to quasi-judicial immunity in another lawsuit arising from the Wood Haven receivership. See Suny v. KCP Advisory Grp., LLC, 152 F.4th 25, 26 (1st Cir. 2025). The court explained that there are "two

recognized applications" of quasi-judicial immunity. Id. at 30. First, quasi-judicial immunity protects "persons who, 'irrespective of their title, perform functions essentially similar to those of judges . . . in a setting similar to that of a court.'" Id. (alteration in original) (quoting Bettencourt v. Bd. of Registration in Med., 904 F.2d 772, 782 (1st Cir. 1990)). This type of immunity does "not attach" when "the function performed is not 'truly judicial'" or when the relevant conduct was "taken in the complete absence of all jurisdiction." Id. (first quoting Forrester v. White, 484 U.S. 219, 227 (1988); and then quoting Mireles v. Waco, 502 U.S. 9, 12 (1991) (per curiam)). Second, "persons who 'carr[y] out the orders of an appointing judge'" are entitled to quasi-judicial immunity, unless they perform "acts which are clearly outside the scope of their jurisdiction." Id. (alteration in original) (quoting Cok v. Cosentino, 876 F.2d 1, 3 (1st Cir. 1989) (per curiam)).

The First Circuit then assessed KCP's argument that, as a receiver, it was protected by quasi-judicial immunity from claims that it engaged in an unlawful scheme to remove Wood Haven's residents from the facility. See id. Applying only the first type of quasi-judicial immunity, see id., the court asked "whether KCP's particular acts 'relat[ed] to a general function normally performed by a judge,'" see id. at 31 (quoting Mireles, 502 U.S. at 13). The court found that KCP's "effort to remove residents

3

from an unsafe facility subject to a receivership" was "comparable to a court exercising its equitable powers to take control of a distressed asset and conducting an analogous evacuation due to unsafe conditions." Id. And if a judge had "order[ed] residents removed from the facility . . . , she would have been immune from claims related to that act." Id. The First Circuit thus concluded that the claims "relate[d] to a judicial function" and, as KCP "did not act absent jurisdiction," KCP was entitled to quasi-judicial immunity. Id.

Employing the mode of analysis laid out in Suny, this Court concludes that KCP is also protected by quasi-judicial immunity in this lawsuit due to its performance of judicial functions. Suny expressly held that KCP is immune from claims related to the evacuation of residents from Wood Haven. See id. Plaintiffs' other allegations against KCP concern its failure to procure insurance, its relinquishment of Wood Haven's operating license, and the sale of Wood Haven's assets. All these acts relate to KCP's management of "an unsafe facility subject to a receivership," which is a function "comparable to a court exercising its equitable powers to take control of a distressed asset." Id. Moreover, this Court "had the authority to" make orders related to the insurance coverage of the entities in receivership, to direct the relinquishment of the operating license, and to require the sale of the receivership assets. Id. Had the Court so ordered, it "would have been immune

4

from claims related to th[ose] act[s]" performed pursuant to its judicial authority. Id. Under Suny's reasoning, then, Plaintiffs' claims in this lawsuit all "relate to a judicial function," and Plaintiffs do not contend that "KCP acted in 'absence of all jurisdiction.'" Id. (quoting Mireles, 502 U.S. at 12).

Plaintiffs' arguments to the contrary are unpersuasive. Plaintiffs try to distinguish Suny on the basis that they, unlike the plaintiff in that case, are parties to the receivership action, but nothing in Suny suggests that this distinction affects the analysis of whether KCP's acts relate to a judicial function. Plaintiffs also emphasize that while the order appointing KCP as a receiver generally protects KCP from personal liability "for any actions taken pursuant to this [o]rder or carrying out the [r]eceiver's duties," the order "except[s] . . . claims which arise from the willful misconduct of such person." Dkt. 6-1 ¶ 22. In Plaintiffs' view, KCP must be subject to liability under this standard. The same point could have been made in Suny, however, and the First Circuit did not indicate that this language in the receivership order created an exception to KCP's quasi-judicial immunity for performing judicial functions. This Court is bound to apply Suny's very broad understanding of quasi-judicial immunity for persons performing judicial functions.

EF contends that, as KCP's agent, it is also protected against Plaintiffs' claims by quasi-judicial immunity. Plaintiffs do not

5

raise any argument specifically distinguishing between KCP's and EF's entitlements to quasi-judicial immunity or dispute that EF acted as KCP's agent in connection with the conduct underlying their claims.[1] In any event, courts generally extend a receiver's quasi-judicial immunity to its agents because the receiver's protection "would be meaningless if it could be avoided by simply suing" the agents. Chua v. Ekonomou, 1 F.4th 948, 955 (11th Cir. 2021) (quoting In re DeLorean Motor Co., 991 F.2d 1236, 1241 (6th Cir. 1993)); see Blacktail Mountain Ranch Co. v. Jonas, 611 F. App'x 430, 431-32 (9th Cir. 2015) (mem.) (applying quasi-judicial immunity to a receiver's agent); Micha US LLC v. Benchmark Healthcare Consultants LLC, No. 21-12573, 2022 WL 2867183, at *4 (E.D. Mich. July 20, 2022) (same); Jonas v. Jonas, No. CV 13-90, 2014 WL 978099, at *16 (D. Mont. Mar. 12, 2014) (same). Because KCP is entitled to quasi-judicial immunity in this lawsuit for performing judicial functions, EF is too.[2]

Accordingly, KCP and EF's motion to dismiss (Dkt. 31) is **ALLOWED**.

---

[1] Although EF began to work at Wood Haven before appointment of KCP as a receiver, Plaintiffs' claims do not rest on any conduct undertaken by EF during the pre-receivership period.

[2] The Court does not address whether EF would also receive quasi-judicial immunity under the theory that it carried out judicial orders.

SO ORDERED.

                                                /s/ PATTI B. SARIS_____
                                                Hon. Patti B. Saris
                                                United States District Judge